UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELDRIDGE HARMON,**

        **Plaintiff(s),**        **CASE NUMBER: 05-73798**
                                  **HONORABLE VICTORIA A. ROBERTS**

**v.**

**SECRETARY, ELAINE CHAO,**
**DEPARTMENT OF LABOR,**

        **Defendant(s).**
_____/

**ORDER DISMISSING COMPLAINT**

Plaintiff Eldridge Harmon, a *pro se* litigant, filed this action against a number of government officials, union locals and individuals. However, he subsequently amended his complaint naming only Defendant Elaine Chao. Much of the complaint consists of Plaintiff's summary of the procedural history of a class action suit filed in the District of Columbia District Court in which he has been involved since 1975. Relative to that class action, Plaintiff recently filed a complaint in this district against the United States of America which was pending before the Honorable Paul V. Gadola.[1] Plaintiff characterize's Judge Gadola's handling of his complaint as "unreasonable" and indicates that he, therefore, seeks in this action to allege "a new and independent action under Rule 60(b)(3)" for "fraud on the court." Amended Complaint at ¶55. Plaintiff also filed a Motion for New and Independent Action Due to "Fraud Upon the Court," in which

---

[1]On October 12, 2005, Judge Gadola entered an Order Granting Defendant's Motion to Dismiss. *Harmon v United States of America*, United State District Court Eastern District of Michigan, Case Number 05-40124.

he describes this action as a "continuation" of the case before Judge Gadola.  It appears that Plaintiff is requesting that this Court somehow intervene in the case before Judge Gadola.

This Court does not have the authority to review or intervene in matters pending before another district court.  And, Plaintiff has failed to state a claim over which this Court otherwise has subject matter jurisdiction.  Therefore, pursuant to FRCP 12(h)(3), the Court dismisses Plaintiff's complaint, *sua sponte*, for lack of subject matter jurisdiction.  See *Franzel v Kerr Mfg. Co.,* 959 F.2d 628, 630 (6th Cir. 1992)("[S]ubject-matter jurisdiction may be raised at any time, by any party or even *sua sponte* by the court itself.").  Plaintiff's pending motions[2] are deemed **MOOT**.

**IT IS SO ORDERED.**

                                                   s/Victoria A. Roberts
                                                   Victoria A. Roberts
                                                   United States District Judge

Dated:  October 27, 2005

---

[2] Plaintiff filed the following motions: 1) Motion for a New and Independent Action Due to "Fraud Upon the Court" **[Doc. 2]**; 2) Motion for Action by the United States to Hold Local 201 and the International in Contempt for Failing to Comply with the Order of Reference to the Special Master Dated February 15, 1989 **[Doc. 6]**; 3) Motion for Intervention by the Attorney General and the EEOC **[Doc. 3]**;  4) Consolidated Motion to Shorten Time for the U,S. to Answer Summons; Motion to Set Aside Original Documents Filed in Pro Se Plaintiff's Case; Motion for Service to be Made by the U.S. and Motion for Advancement from Amount to be Calculated by Pension Benefit Fund Adjusters **[Doc. 4]**; 5) Motion for Administrative Remedy from Office of Federal Contract Compliance Program, (OFCCP) to Terminate or Refuse to Grant Federal Financing Assistance and Contracts to Local 201 Until the Order of Reference to the Special Master Dated February 15, 1989 is Complied with that is Still Pending in District Court for the District of Columbia Since its Filing Date Thirty Years Ago **[Doc. 5]**; and 6) Motion Set Aside Motions Filed October 4, 2005 to Correct Harmless Error **[Doc. 8]**.

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Eldridge Harmon by electronic means or U.S. Mail on October 27, 2005.<br><br>s/Linda Vertriest<br>Deputy Clerk |